## Murray's Trust Estate.

56

Argued October 11, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Benjamin H. Hellman,* with him *Marshall A. Coyne* and *David J. Smyth,* for appellant.

*Joseph H. Grubb, Jr.,* with him *Frederick C. Newbourg, Jr.,* for appellee.

OPINION BY JAMES, J., January 31, 1936:

On November 30, 1855, Emma Murray created a deed of trust wherein certain real estate in the City of Philadelphia was conveyed by her to James Monro Mackie in trust to pay the income to herself for life so long as she remained a widow or unmarried and in the event of her re-marriage to pay part of the income to herself for life and the remainder thereof for the maintenance, support and education of her two children James Earnest Monro Murray (who died without issue, May 10, 1899), and Mary Elizabeth Murray, now Finley, and upon the death of Emma Murray, to pay the whole net income to them for and during their joint lives and the life of the survivor of them, with provision for distribution of the income and principal to their issue. The deed of trust made other provisions which are not material here. The trustee, James Monro Mackie, died January 30, 1887, and by his last will and testament appointed Bayard Murray, a son of Emma Murray born subsequent to the deed of trust of November 30, 1855, substituted trustee. On May 23, 1904, the Court of Common Pleas of Philadelphia County authorized Bayard Murray, substituted trustee, to convey the subject matter of the trust to the Tradesmen's Trust Company for $300,000, of which $25,000 was paid in cash and the balance was paid by a $12,000 annual ground rent with provision for payment of the principal, $275,000 on or after June 21, 1925. On April 13, 1905, an agreement was entered into between Emma Murray, Mary Elizabeth Finley, her husband J. Alexander Finley (now deceased), Mrs. Finley's daughter and only child Emily Finley, now Emily Finley Robinson, and Bayard Murray the trustee, the important provisions of which are as follows: "That the income and principal of the yearly ground rent of Twelve thousand dollars ($12,-000) issuing out of the premises at the corner of Juniper and Chestnut Streets, in the City of Philadel-

phia, under the Indenture from Bayard Murray, Trustee, to the Tradesmen's Trust Company, ...... shall pass, be divided and paid as follows, to wit: The said yearly income or rent during the lives of said Emma Murray and Mary Elizabeth Finley and the survivor of them, to said Emma Murray Four thousand dollars ($4,000) thereof; to said Mary Elizabeth Finley Five thousand dollars ($5,000) thereof; to said Emily Finley One thousand dollars ($1,000) thereof; and to said Bayard Murray Two thousand dollars ($2,000) thereof, respectively, during their respective lives; and upon the death of said Emma Murray her said share of Four thousand dollars ($4,000) shall pass, be divided and paid to said Mary Elizabeth Finley during her life; and upon the death of said Mary Elizabeth Finley her said share of Five thousand ($5,000) thereof, and also of Four thousand ($4,000) thereof upon the death of her mother, said Emma Murray, shall pass be divided and paid to said Emily Finley and her father said J. Alexander Finley, equally during their joint lives and the life of the survivor of them; and upon the death of the said Emma Murray, Mary Elizabeth Finley, Emily Finley and J. Alexander Finley, the principal of the said ground rent shall pass, be divided and paid as follows, to wit: Fifty thousand dollars ($50,000) thereof to said Bayard Murray absolutely and in fee; Thirty thousand dollars ($30,000) thereof to Emily Lillie, absolutely and in fee; and the residue thereof to be and remain in the said Emily Finley, absolutely and in fee." Emma Murray, the settlor, died on May 16, 1914. On June 30, 1925, Mary Elizabeth Finley, filed a petition to which Emily Finley Robinson and Bayard Murray filed a joinder, which recited in detail the facts above narrated and that the owner of the premises had extinguished the ground rent by the payment of $275,-000 unto Bayard Murray, the substituted trustee, which sum was then in his hands; that the said Bayard

Murray desired to resign as substituted trustee and all parties in interest agreed upon the appointment of the Pennsylvania Company for Insurance on Lives and Granting Annuities as substituted trustee. Upon this petition, an order was made by the Court of Common Pleas of Philadelphia County appointing the Pennsylvania Company as substituted trustee under the terms of the indenture of November 30, 1855, as modified by the agreement dated April 13, 1905, to hold all and singular the assets of the said trust estate in trust to pay over the net income therefrom $1,000 thereof per annum unto Emily Finley Robinson, $2,000 unto Bayard Murray and the balance of said income unto Mary Elizabeth Finley during their respective lives and upon the death of the said Mary Elizabeth Finley to divide the principal thereof as follows, to wit: $50,000 thereof to the said Bayard Murray absolutely and in fee and the residue thereof unto said Emily Finley Robinson absolutely and in fee. Bayard Murray died June 5, 1933. Because of his death, the Pennsylvania Company filed its account and raised the question as to what disposition was to be made of the $2,000 theretofore paid to Bayard Murray. Because the account as originally filed showed income accruing only to the date of Bayard Murray's death, the court requested and the accountant filed a supplemental account showing income received subsequent to the death of Bayard Murray and the only question before the court was the disposition of the income accruing after his death. The court below held that the income payable to Bayard Murray under the agreement of 1905 was payable to him only during his life and he having died his share should be awarded to Mary Elizabeth Finley for life. From this order, the executors of the estate of Bayard Murray, deceased, have appealed.

It is unquestioned that under the original trust agreement of 1855, Bayard Murray was not entitled to re-

ceive any of its benefits. The mother and other beneficiaries, undoubtedly, recognizing that as Bayard Murray was born subsequent to the execution of the trust agreement, he could not enjoy the bounty of the mother, who had provided for the two children who were in being at the time of the execution of the trust agreement, entered into the 1905 agreement. Were it not for this agreement of April 13, 1905, Mary Elizabeth Finley would now be entitled to the entire income and after her death, Emily Finley Robinson would be entitled to the entire principal and income. Having this in mind, we should not construe this agreement to give Bayard Murray or his estate more than the wording clearly indicates was intended. The opening line of the distributing clause provides specifically that the income from the ground rent shall be paid in the various amounts during the lives of Emma Murray and of Mary Elizabeth Murray and although it further provides that upon the death of Emma Murray her share of the income should be paid to Mary Elizabeth Finley and upon the death of Mary Elizabeth Finley, her share and the share of Emma Murray were to be divided equally between Emily Finley and her father, J. Alexander Finley, during their joint lives and the life of the survivor, and upon the death of the members of this group the corpus of the estate is to be divided, no provision, whatsoever, is made as to the distribution of the income in the event of the death of Bayard Murray during the lives of these distributees.

This omission is consistent with the intent that the income payable to Bayard Murray was to cease upon his death and when we further consider that the income was to be divided and paid in the various amounts to the distributees "respectively, during their respective lives," it is clear that the income payable to the several distributees shall continue only so long as the particular beneficiary shall live. Any other interpretation would

be a distortion of the specific language that the income was to be paid "during their respective lives." In passing upon the question involved, we have not overlooked the contention of appellant that Bayard Murray had a vested remainder in the sum of $50,000; but we are not now concerned in the distribution of the principal. The main idea running through the agreement seems to have been to distribute the income to the beneficiaries during their lives, and the distribution as to the principal was not to have any bearing upon the distribution of income. As well expressed in the opinion of the court below: "The principal is not now distributable, and consequently, we need not and will not decide whether or not the Estate of Bayard Murray will ultimately be entitled to $50,000. The provisions in regard to principal and income are separate and distinct. The beneficiaries are different. Considering matters as they stood before the agreement of 1905, what Bayard Murray received in the way of income he received at the expense of Mary Elizabeth Finley. What he, or his Estate, may receive from principal, he will receive at the expense of Emily Finley Robinson. Because Emily Finley Robinson chose to give to Bayard Murray, or his Estate, a portion of the principal is no reason why a gift of income to Bayard Murray by Mary Elizabeth Finley should be tortured into a construction not warranted by the wording of the gift."

Appellant emphasizes that under the petition filed in 1905 for a substituted trustee, the order of court does not restrict the enjoyment of the income to the life or lives of the distributees and the parties therein having voluntarily joined in the petition, are bound by what is apparently their own interpretation of the agreement of 1905. We do not understand that the parties to the petition attempted to place a new interpretation upon the 1905 agreement. The real purpose of the petition was the appointment of a substituted trustee and the

facts as set forth in the petition are to be regarded merely a general statement as a basis for the substitution and the order of the distribution of those then entitled to receive the income. In no manner can we find that the petition contemplated a change in the provisions of the 1905 agreement. Our view in this matter is further strengthened by the fact that the recorded copy of the agreement of 1905 as set forth in the petition had omitted from it Emily Finley Robinson as one of the persons upon whose death the trust would terminate and had omitted from it Emily Lillie as recipient of $30,000 of the trust corpus.

We have carefully considered other phases of the question as presented in appellant's brief, but in view of our opinion as to the meaning of the express language, deem it unnecessary to discuss them.

Order affirmed.